UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:26-CV-00121-GNS

MISTY ANN KEELE APPELLANT

v.

U.S. TRUSTEE APPELLEE

**OPINION AFFIRMING**

Appellant Misty Ann Keele ("Keele") appeals from a May 5, 2026, order of the U.S. Bankruptcy Court for the Western District of Kentucky denying her motion to reopen her Chapter 7 case. For the reasons discussed below, the bankruptcy court's order is **AFFIRMED**, and Appellant's Motion for Status Conference (DN 3) is **DENIED AS MOOT**.

## I. ISSUE ON APPEAL

Keele timely filed her notice of appeal under Fed. R. Bankr. P. 8002(a)(1) identifying the bankruptcy court's May 5, 2026, order denying her motion to reopen her Chapter 7 case and raising five related issues on appeal, to wit: whether the bankruptcy court abused its discretion in denying Keele's motion to reopen her case so she could file a second adversary proceeding against the U.S. Department of Education ("DOE") for allegedly violating the discharge injunction by taking collection actions on outstanding student loans.

## II. JURISDICTION

A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). Orders in bankruptcy cases qualify as "final" when they definitively dispose of discrete disputes within the overarching bankruptcy case. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). Here, the bankruptcy court entered an order denying Keele's motion

to reopen her Chapter 7 case, which is a final order for purposes of appeal. *In re McCoy*, 560 B.R. 684, 685 (B.A.P. 6th Cir. 2015). Keele elected to have the appeal heard by this Court. *See* 28 U.S.C. § 158(c)(1)(A); Fed. R. Bankr. P. 8005(a).

## III. STANDARD OF REVIEW

"Whether to grant a motion to reopen is entrusted to the sound discretion of the trial court, and the bankruptcy court's decision should not be overturned absent an abuse of discretion." *In re McCoy*, 560 B.R. at 685 (citation omitted). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.* (quoting *Gourlay v. Sallie Mae, Inc.* (*In re Gourlay*), 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* (quoting *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted)).

## IV. FACTS

The facts pertinent to this opinion appear undisputed. Keele filed a *pro se* Chapter 7 bankruptcy petition on December 7, 2018, and received her discharge on May 30, 2019. On May 19, 2023, Keele moved to reopen her case, so that she could file an adversary proceeding against the DOE to obtain a discharge of her myriad student loans. The bankruptcy court granted Keele's motion to reopen, and she filed her adversary proceeding on June 16, 2023.

During the pendency of that adversary proceeding, Keele voluntarily entered into an agreement with the DOE to consolidate her student loans into two consolidated loans. After the loans were successfully consolidated, DOE moved to dismiss the adversary proceeding. Relying

on *Grubin v. Sallie Mae Servicing Corp., LP* (*In re Grubin*), 476 B.R. 699 (Bankr. E.D.N.Y. 2012), DOE maintained that because the consolidated loans were obtained post-petition, under 11 U.S.C. § 727(b), the loans were not subject to discharge. Keele did not file a response in opposition and, on June 26, 2025, the bankruptcy court granted the DOE's motion. Keele neither moved to alter or amend the bankruptcy court's order, nor did she file a notice of appeal. The adversary proceeding was closed on July 25, 2025.

On May 5, 2026, Keele filed a second motion to reopen her Chapter 7 case, again seeking to file an adversary proceeding against the DOE for allegedly violating the discharge injunction. In a written order, the bankruptcy court denied Keele's motion to reopen, setting forth the facts surrounding her previous adversary proceeding and concluding that "the Court has ruled on this matter and as relating to this case and adversary proceeding, the matter has reached its disposition and shall remained CLOSED." Keele timely filed her notice of appeal.

## V. DISCUSSION

Keele's arguments are all grounded in the assumption that she is entitled to a discharge of her student loans under various legal theories and that, by refusing to reopen her case to allow her to pursue a second adversary proceeding against the DOE for its alleged violations of the discharge injunction, the bankruptcy court abused its discretion.

It is unnecessary to address Keele's arguments that her consolidated student loans were or ought to be discharged.[1] Each of those issues were or could have been raised in the adversary

[1] Keele's brief contains several inaccuracies. For example, while she quotes *In re Gurrola*, 328 B.R. 158, 164 (B.A.P. 9th Cir. 2005), for the principle that a discharge injunction is "central to the bankruptcy system[,]" the quoted phrase is not found in the *Gurrola* opinion. (Appellant's Br. 23). In addition, she cites 34 C.F.R. § 685.220(d)(1)(i), asserting that "[f]ederal regulations expressly prohibit consolidation while a borrower is 'subject to a proceeding in bankruptcy.'" (Appellant's Br. 30 (citing 34 C.F.R. § 685.220(d)(1)(i))). The word "bankruptcy", however, does not appear in that regulation.

proceeding that was dismissed in July 2025. Accordingly, Keele is now barred by res judicata from seeking to relitigate these issues.

"The doctrine of *res judicata* provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.'" *Alfes v. Educ. Credit Mgmt. Corp.* (*In re Alfes*), 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). The following four elements are required to establish res judicata:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id*. (citation omitted) Every element is present here.

The bankruptcy court entered a final order dismissing Keele's adversary proceeding on the basis that the consolidation of her student loans created a post-petition obligation that could not be discharged. *See* 11 U.S.C. § 727(b) ("[A] discharge under subsection (a) of this section discharges the debtor from all *debts that arose before* the date of the order for relief under this chapter . . . ." (emphasis added)). Keele did not challenge the bankruptcy court's order in the bankruptcy court or on appeal. It was and remains a final decision on the merits by a court of competent jurisdiction. Keele sought to reopen her case to file a second adversary proceeding against the DOE, the same party she sued originally, to assert the same issues raised in her original adversary proceeding. The identity of the underlying cause of action—that the DOE is violating the discharge injunction by taking collection action on debts that were not discharged—is also present.

## VI. <u>CONCLUSION</u>

Because Keele is barred by the doctrine of res judicata from relitigating the dischargeability of her consolidated loans or seeking to raise new issues that could have been raised in the original

adversary proceeding (e.g., whether her pre-petition loans were improperly consolidated, albeit voluntarily, during the pendency of the adversary proceeding), the bankruptcy court did not abuse its discretion in denying Keele's second motion to reopen her bankruptcy case. Accordingly, the order of the bankruptcy court is **AFFIRMED**. Appellant's Motion for Status Conference (DN 3) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
September 2, 2026

cc: counsel of record
Appellant, *pro se*